IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03128-WJM-MEH

BYRON KYLE GAY,

Plaintiff,

v.

DANNY ROJAS,
KRIS KRONCKE, and
JOHN DOES 1-9,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is a Motion to Dismiss Prisoner Complaint [filed March 7, 2012; docket #24]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, this matter is referred to this Court for recommendation [docket #25]. The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. Based on the record contained herein, the Court RECOMMENDS that the District Court **grant** Defendants' motion to dismiss Plaintiff's claims as barred by the statute of limitations or, in the alternative, **grant** the Defendants' motion challenging the plausibility of Plaintiff's claims against Defendant Kroncke.[1]

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. §

**BACKGROUND**

Plaintiff, an inmate proceeding *pro se*, initiated this action on December 1, 2011. Complaint, docket #1 at 1. Essentially, the Plaintiff claims Defendants violated his Fourth Amendment right to be free from unreasonable search and seizure; violated Plaintiff's Fifth Amendment right to be free from unreasonable seizure of private property; and violated Plaintiff's Fourteenth Amendment right to be free from false imprisonment. Complaint, docket #1 at 5-9.

**I. Facts**

The following are factual allegations (as opposed to legal conclusions, bare assertions or merely conclusory allegations) made by the Plaintiff (or construed liberally) in the Complaint, which are taken as true for analysis under Rule 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must limit its review to the four corners of the Complaint, but may also consider documents attached to the pleading as exhibits, *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), as well as any unattached documents which are referred to in the Complaint and central to the plaintiff's claim, so long as the authenticity of such documents is undisputed. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

Plaintiff alleges that, on November 28, 2008, Defendants Rojas and Does 1-9 surrounded Plaintiff's home for approximately two hours while Plaintiff was home. Complaint, docket #1 at 5-6. Defendants Rojas and Does 1-9 came to Plaintiff's home for the purpose of investigating a burglary that occurred in District 3 of Denver, where they normally patrol. *Id.* at 6. A neighbor at

---

636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

the scene of the burglary had reported Plaintiff's truck located nearby. *Id*. When Defendant Rojas knocked on Plaintiff's door, Plaintiff refused entry at the advice of a lawyer. *Id.* at 5. In response, Defendant Kroncke authorized Defendants Rojas and Does 1-9 to seize Plaintiff's truck, which was on Plaintiff's property. *Id.* Plaintiff's truck was thereby held at the Denver Impound for over three weeks. *Id.* at 4. Plaintiff contends that, as a result of the Defendants' actions, Plaintiff suffers, and has suffered, severe emotional distress and mental suffering. *Id.* at 8. In addition, Plaintiff was deprived of wages, earnings, and income for three weeks. *Id.*

## II. Procedural History

Plaintiff has twice previously filed lawsuits in this Court based on the same set of facts, both of which have been dismissed without prejudice. The first lawsuit was dismissed pursuant to Fed. R. Civ. P. 41(b) as a result of Plaintiff's failure to comply with the filing fee payment requirements of 28 U.S.C. § 1915(b)(2). *See Gay v. Rojas*, No. 10-cv-01372-BNB, 2010 WL 3928477 (D. Colo. Oct. 6, 2010) (unpublished). Plaintiff's second lawsuit was dismissed due to Plaintiff's failure to show good cause why he had no assets and no means by which to pay the initial partial filing fee as required by 28 U.S.C. § 1915(b)(1). *See Gay v. Rojas*, No. 11-cv-01982-LTB, 2011 WL 4565778 (D. Colo. Sept. 28, 2011) (unpublished). While Plaintiff filed a "Motion to Show Cause" arguing that he lacked sufficient funds to pay the designated initial partial filing fee, the court found he failed to demonstrate good cause because the account statement he submitted was not certified by a prison official as directed, and because the Plaintiff made ill-advised purchases that reduced his available balance in his inmate trust fund account below the amount necessary to pay the designated initial partial filing fee. *Id.*

Defendants responded to Plaintiff's operative pleading in this case by filing the present

motion to dismiss on March 7, 2012, arguing that Plaintiff has failed to plead personal participation by Defendant Kroncke, and that Plaintiff's claims are barred by the statute of limitations.

At a Scheduling/Status Conference on April 10, 2012, the Court set a deadline for the Plaintiff's response to the pending motion to dismiss. Plaintiff, after an additional extension, filed a response to the motion on May 3, 2012, contending that his allegations properly state Fourth, Fifth, and Fourteenth Amendment claims against the Defendants. Plaintiff further contends that because he twice previously filed lawsuits regarding the same allegations on May 20, 2011, and September 13, 2011, which fall within the statute of limitations, the case at hand should relate back to the date of filing of the first lawsuit, and it is therefore properly filed within the statute of limitations. Response, docket #40 at 3.

In reply, Defendants assert that Fed. R. Civ. P. 15(c), which governs the relation back of amendments, does not provide Plaintiff relief from the statute of limitations. Reply, docket #41 at 2. Additionally, Defendants argue that Plaintiff fails to meet his burden that equitable tolling applies to this matter, as Plaintiff does not allege any wrongful conduct by Defendants that prevented him from asserting his claims in a timely manner. *Id.* at 2-3. Defendants also contend that Plaintiff fails to argue there are "truly exceptional circumstances," which prevented him from timely filing his lawsuit. *Id.*

## LEGAL STANDARDS

### I. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to

dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

The adequacy of pleadings is governed by Federal Civil Procedure Rule 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This rule "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted). Determining whether the allegations in a complaint are "plausible" is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

## II. Treatment of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*. Accordingly, the court must "not supply additional facts, nor ... construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

# ANALYSIS

The Defendants argue primarily that Plaintiff's claims are barred by the statute of limitations. Alternatively, the Defendants contend that Plaintiff alleges insufficient personal participation by Defendant Kroncke. The Court will address each argument in turn.

## I. Statute of Limitations

The Defendants argue that Plaintiff's claims are barred by the statute of limitations, based upon Plaintiff's own allegations regarding the timing of his injuries.

While the statute of limitations is an affirmative defense, if it is clear from the complaint that the right to bring an action has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute. *Aldrich v. McCulloch Prop., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980); *Escobar v. Reid*, 668 F. Supp. 2d 1260, 1287 (D. Colo. 2009) (noting that "once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to [the p]laintiff to establish a later accrual date of the statute of limitations or to show that there is a basis to toll the accrual date.").

Statute of limitations periods in section 1983 suits are determined by reference to the personal injury statute of the state in which the federal district court sits. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). "Federal law, however, determines the date on which the claim accrues and the limitations period starts to run." *Id.* In Colorado, the general statute of limitations for personal injury claims provides that such a claim must be brought within two years after the action accrues. *See* COLO. REV. STAT. § 13-80-102 (1995). "A civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (internal quotations omitted).

For each of his three claims, Plaintiff alleges that the constitutional violations complained of occurred on November 28, 2008. Complaint, docket #1 at 5, 8-9. The constitutional violations of which Plaintiff complains are the Defendants' unreasonable search and seizure of Plaintiff's home, Defendants' unreasonable seizure of Plaintiff's truck, and the Defendants' false imprisonment

of Plaintiff. Certainly, Plaintiff would know, or should know, of each alleged constitutional violation at the time they occurred.

In response to the motion, Plaintiff argues that his complaints were originally "filed with the Office of the Independent Monitor as far back as November 2009, up and until May 24, 2010." Response, docket #40 at 2. In addition, Plaintiff "filed his complaint with the Internal Affairs Bureau of the Denver Police Department." *Id.* However, the applicable limitation is determined from the date on which the Plaintiff filed a claim in federal court.

Thus, the plain language of the Complaint reflects Plaintiff's identification of the constitutional violations on November 28, 2008. As such, I find that Plaintiff's claims accrued on or about November 28, 2008, at which time the Plaintiff identifies the violations. Plaintiff initiated this action on December 1, 2011, approximately three years after his claims accrued.

The Plaintiff argues that the present lawsuit is not barred by the statute of limitations because it 'relates back' to the original Complaint he filed with the District Court on July 16, 2010 pursuant to Fed. R. Civ. P. 15(c). Response, docket #40 at 3. Three elements must be met for relation back to be allowed: (1) the amended complaint relates back to the same transaction or occurrence; (2) the new party had notice of the action, prior to the expiration of the statute of limitations; and (3) the defendant knew or should have known that but for a mistake in identity the action would have been brought against the defendant. *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1390 (10th Cir. 1984). An amended complaint identifying a "John Doe" defendant does not relate back to the date of the original complaint nor does it toll the statute of limitations. *Id.* at 1388. The purpose of relation back is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure...for resolving disputes on their

merits." *Krupski v. Costa Crociere S. p. A.*, -- U.S. --, 130 S. Ct. 2485, 2494 (2010).

Plaintiff argues that he satisfied the requirements of Rule 15(c) because Defendant Kroncke had "proper notice of the complaint" and his present lawsuit relates back to the original complaint. Response, docket #40 at 3. However, even though Plaintiff initiated the 2010 case within the statute of limitations, "a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim." *Marsh v. Soares*, 223 F.3d 1217, 1219 (10th Cir. 2000) (quoting *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994)). Plaintiff also fails to identify Defendants "Does 1-9" before the statute of limitations; thus, the claims against them must be dismissed because they do not have notice of this action prior to the expiration of the statute of limitations. *See Watson*, 733 F.2d at 1388. As such, the lawsuit at hand does not "relate back" to the first action filed by Plaintiff and was filed outside of the statute of limitations by approximately one year. Therefore, Plaintiff's claims are time-barred unless he plausibly alleges the applicable limitations period was sufficiently tolled.

Under Colorado law, equitable tolling is applied in two distinct situations: (1) when "defendant's wrongful conduct prevented the plaintiff from asserting the claims in a timely manner"; and (2) when "truly exceptional circumstances prevented the plaintiff from filing the claim despite diligent efforts." *Noel v. Hoover*, 12 P.3d 328, 330 (Colo. App. 2000); *see also Brodeur v. American Home Assur. Co.*, 169 P.3d 139, 149 (Colo. 2007) ("an equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts.") (quoting *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996)). In practice, however, Colorado courts rarely allow equitable tolling. *Escobar*,

668 F. Supp. 2d at 1272.

Here, the Plaintiff alleges and/or asserts nothing supporting an equitable tolling argument. Plaintiff does not allege that the Defendants prevented him from timely filing a complaint, nor does he allege that exceptional circumstances prevented him from filing a complaint despite any diligent efforts. Accordingly, the Court respectfully recommends that the District Court grant the Defendants' motions to dismiss Plaintiff's claims as barred by the statute of limitations.

## II. Plausibility of the Claims

Alternatively, the Defendants challenge the plausibility of Plaintiff's stated claims against Defendant Kroncke. Thus, should the District Court determine that Plaintiff's claims are not barred by the statute of limitations, this Court will proceed with analyzing whether the Plaintiff states plausible claims for relief against Defendant Kroncke.

Defendant Kroncke contends that the Plaintiff fails to state plausible constitutional violations against him by Plaintiff's failure to allege Defendant Kroncke's personal participation in such violations. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, there must be an affirmative link between actions taken by a defendant and any plan or policy put into effect that violates a plaintiff's constitutional rights. *Dodds v. Richardson*, 614 F.3d 1185, 1200-01 (10th Cir. 2010).

Supervisory status alone does not create § 1983 liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). Rather, liability of a supervisor under § 1983 requires "allegations of personal direction or of actual knowledge and acquiescence. " *Langley v. Adams Cnty., Colo.*, 987 F.2d 1473, 1481 (10th Cir. 1993) (cited with approval in *Green v. Branson*, 108 F.3d 1296, 1303

(10th Cir. 1997)). Thus, there must be "an affirmative link ... between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Green*, 108 F.3d at 1302 (quotation and brackets omitted). In other words, "Section 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which 'subjects, or causes to be subjected' that plaintiff 'to the deprivation of any rights ... secured by the Constitution ... .'" *Dodds*, 614 F.3d at 1199 (interpreting *Iqbal* and quoting 42 U.S.C. § 1983).

For Claim One, Plaintiff alleges that "Denver Police Detective Danny Rojas...worked...under the direct command of Kris Kroncke." Complaint, docket #1 at 5. Plaintiff further alleges that "because Commander Kroncke is responsible for the day-to-day operations of District 3...one of sound mind must conclude that the chain-of-command is **intact**." *Id.* at 6 (emphasis in original). The Plaintiff does not mention Defendant Kroncke or his involvement in either of Plaintiff's second and third claims. *Id.* at 8-9. Defendants counter that Plaintiff's allegations in Claim One are conclusory and do not demonstrate the requisite "affirmative link" to state plausibly Defendant Kroncke's personal participation in the alleged violations. The Court agrees with Defendants.

Construing the Complaint liberally and taking Plaintiff's allegations as true, the Plaintiff alleges that he suffers severe anxiety whenever he comes in contact with police resulting from Defendant Kroncke's authorization of Defendants Rojas and Does 1-9 to conduct an unreasonable search and seizure of Plaintiff's property and unreasonable seizure of Plaintiff's truck. The Plaintiff need not show an affirmative link through on-the-ground, moment-to-moment control; rather, the acquiescence to constitutional violations suffices to prove such liability. *See Davis v. City of*

*Aurora*, 705 F. Supp. 2d 1243, 1263–64 (D. Colo. 2010) ("[T]he establishment or utilization of an unconstitutional policy or custom can serve as the supervisor's 'affirmative link' to the constitutional violation... . [W]here an official with policymaking authority creates, actively endorses, or implements a policy which is constitutionally infirm, that official may face personal liability for the violations which result from the policy's application."). Whether Defendant Kroncke actually implemented, promulgated or enforced a policy where the police officers unreasonably searched and seized Plaintiff's home and property, and held Plaintiff in false imprisonment, is not a proper consideration in a Rule 12(b)(6) analysis. Rather, the Plaintiff may overcome a Rule 12(b)(6) challenge to his Complaint by alleging: "(1) the [Defendant] promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds*, 614 F.3d at 1199. Plaintiff's allegations concerning Defendant Kroncke do not meet *Dodds*' requirements. Plaintiff has failed to allege that Defendant Kroncke had personal knowledge of or promulgated, created, implemented or possessed responsibility for the continued operation of a policy concerning Defendants Rojas and Does 1-9's actions against the Plaintiff. Therefore, Defendant Kroncke's alleged "link" to the actions of Defendants Rojas and Does 1-9 is too far attenuated to state a valid claim against Defendant Kroncke pursuant to § 1983.

Accordingly, should the District Court find Plaintiff's claims are timely filed, this Court recommends that the District Court grant the Defendants' motion to dismiss the Plaintiff's claims against Defendant Kroncke due to the Plaintiff's failure to argue plausible claims against him.

## III. Leave to Amend

Dismissal of a case under Rule 12(b)(6) is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989). As such, in this jurisdiction, the Court typically does not dismiss a claim under Rule 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations. *See Bellmon*, 935 F.2d at 1109-10. However, the "court may deny leave to amend where amendment would be futile." *Mercer-Smith v. New Mexico Children, Youth & Families Dep't*, 416 F. App'x 704, 713 (10th Cir. 2011).

Here, the Plaintiff, although proceeding *pro se*, appears to be familiar with the applicable legal concepts and landscape, and he has a firm grasp of the facts and issues in this case. The legal issues stemming from the alleged constitutional violations are not overly complex, novel, or difficult to state or analyze. Plaintiff has previously moved to amend his complaint in this matter three times to add a Defendant and, although he was not alerted to the statute of limitations issue at that time, he was alerted to the issue with the filing of the present motion. Motion to Dismiss, docket #24 at 1-4. Plaintiff's first two motions to amend were denied without prejudice because, at that time, he was not required to seek leave from the Court pursuant to Federal Civil Procedure Rule 15(a). Plaintiff's third motion to amend was denied without prejudice because he failed to attach a proposed amended pleading to his motion, which is required to allow the Court to decide whether "justice so requires" the requested amendment. FED. R. CIV. P. 15(a).

Allowing Plaintiff to amend his Complaint at this point would be futile because the amendment will not change the fact that the statute of limitations bars his claims against the

Defendants. *See Mercer-Smith*, 416 F. App'x at 713. The Court cannot conceive of any factual averments that would cure Plaintiff's statute of limitations defect. *Id.*

Moreover, with respect to Plaintiff's allegations against Defendant Kroncke, the Plaintiff was alerted to the their insufficiency with the filing of the present motion but failed to seek leave to amend his allegations. In other words, the Plaintiff was given notice and the opportunity to cure his defective allegations, but he did not seize the opportunity. *See Bellmon*, 935 F.2d at 1109-10 ("dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint").

Consequently, the Court recommends that the Plaintiff be denied another opportunity to amend his pleading in this matter.

## CONCLUSION

Accordingly, the Court respectfully RECOMMENDS that, should the District Court determine Plaintiff's claims are barred by the statute of limitations, the District Court **GRANT** the Motion to Dismiss Pursuant to 12(b)(6) filed by Defendants Danny Rojas, Kris Kroncke, and John Does 1-9 ("Defendants") [filed March 7, 2012; docket #24] and dismiss the Complaint.

In the alternative, should the District Court determine Plaintiff's claims were timely filed, this Court respectfully RECOMMENDS that the District Court **GRANT** the present motion to dismiss all claims against Defendant Kroncke.

Dated at Denver, Colorado, this 12th day of June, 2012.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge