IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-3128-WJM-MEH

BYRON KYLE GAY

  Plaintiff,

v.

DANNY ROJAS,
KRIS KRONCKE, and
JOHN DOES 1-5

  Defendants.

**ORDER ADOPTING RECOMMENDATION AND GRANTING MOTION TO DISMISS**

  This matter is before the Court on the June 12, 2012 Recommendation of United States Magistrate Judge Michael E. Hegarty (the "Recommendation") (ECF No. 46) that Defendants' Motion to Dismiss (ECF No. 24) be granted because Plaintiff's claims are barred by the applicable statute of limitations. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

  The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 46 at 1 n.1.) Despite this advisement, no objections to the Magistrate Judge's Recommendation have been filed by either party to date. "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing

*Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings")). The Court concludes that the Magistrate Judge's analysis was thorough and sound, and that "there is no clear error on the face of the record." *See* Fed. R. Civ. P. 72(b) advisory committee's note. Accordingly, the Court ADOPTS the Recommendation and GRANTS the Motion to Dismiss.

After the Recommendation was entered, Plaintiff filed a "Motion to Add City of Denver as a Defendant in Accordance with Fed. R. Civ. P. 15(a)(2)." (ECF No. 52.) Plaintiff seeks to add the City of Denver as a Defendant and to amend his complaint to bring claims against the City for failure to train, supervise, and discipline its employees. (*Id*. at 1.) Ordinarily, leave to amend should be granted freely. Fed. R. Civ. P. 15(a)(2). However, the Court may deny leave to amend, amongst other reasons, if it finds that such amendment would be futile. *Mountain View Pharmacy v. Abbott Lab.*, 630 F.2d 1383, 1389 (10th Cir. 1980).

The Magistrate Judge found that Plaintiff's wrongful seizure claims were untimely because he filed this action more than two years after the disputed events occurred. (*See* ECF No. 46 at 7-10.) The Court has adopted this finding as well as the recommendation that these claims be dismissed on statute of limitations grounds. Any claim against the City of Denver for failure to train, supervise or discipline would have the same limitations period as Plaintiff's now-dismissed wrongful seizure claims. *See*

*Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (the limitations period for claims brought pursuant to 42 U.S.C. § 1983 is governed by state law); Colo. Rev. Stat. § 13-80-102 (setting a two year limitations period for all personal injury claims). The Court therefore finds that granting leave to amend would be futile because the claims Plaintiff desires to add would likewise be barred by the statute of limitations. *See Mercer-Smith v. New Mexico Children, Youth & Families Dep't*, 416 F. App'x 704, 713 (10th Cir. 2011) (holding that it would be futile to allow amendment of a complaint when claims would be barred by the statute of limitations).

In accordance with the foregoing, the Court ORDERS as follows:

1. Magistrate Judge Hegarty's June 12, 2012 Recommendation (ECF No. 46) is ACCEPTED and ADOPTED;
2. Defendant's Motion to Dismiss (ECF No. 24) is GRANTED;
3. Plaintiff's claims in this action are DISMISSED without prejudice;
4. Plaintiff's Motion to Add City of Denver as a Defendant (ECF No. 52) is DENIED;
5. The Clerk shall enter judgment in favor of Defendants.

Dated this 9th day of July, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge